UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS J. VOIGT,<br><br>                    Petitioner,<br><br>         v.<br><br>SEAN HATTON,[1]<br><br>                    Respondents. | No.  2:16-cv-0732 WBS CKD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raises a single claim challenging a decision by the Superior Court of Butte County denying petitioner re-sentencing pursuant to California Penal Code § 1170.18.  Respondent argues this action should be dismissed for failure to exhaust state court remedies.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).  Respondent

/////

---

[1] Warden Hatton, the warden at petitioner's place of incarceration, is hereby substituted as the respondent in this action.  See Fed. R. Civ. P. 25(d).

1

asserts petitioner did not present the claim presented in this action to the California Supreme Court.

With his opposition, petitioner points to evidence indicating he attempted to file a petition for review with respect to the rejection of his re-sentencing claim with the California Supreme Court, but the petition was denied as untimely. However, there is no evidence suggesting petitioner ever sought collateral review in the California Supreme Court, which petitioner may do pursuant to California Penal Code § 1743 et seq. Accordingly, petitioner has not exhausted state court remedies with respect to the claim presented in this action.

Respondent also argues petitioner has failed to state an actionable claim for habeas relief. In light of the foregoing, the court need not address this argument.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Respondent's motion to dismiss (ECF No. 11) be granted; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

/////
/////
/////
/////
/////

1 | specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2 | F.2d 1153 (9th Cir. 1991).
3 | Dated: August 12, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
voig0732.fte